UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUTSINAS,

    Petitioner,                                  Case No. 19-cv-11789
                                                        Hon. Matthew F. Leitman

v.

WILLIS CHAPMAN,

    Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION FOR THE APPOINTMENT OF SUBSTITUTE COUNSEL (ECF No. 12)

Petitioner John Butsinas is a state inmate in the custody of the Michigan Department of Corrections. On June 17, 2019, Butsinas filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) Butsinas filed the motion through his counsel, the State Appellate Defender Office. (*See id.*)

Butsinas' counsel has now filed a motion asking that the Court appoint Butsinas substitute counsel. (*See* Mot., ECF No. 12.) Respondent does not oppose the motion. (*See id.*, PageID.2772.) For the reasons stated below, the motion is **GRANTED**.

**I**

The Model Rules of Professional Conduct provide in relevant part that a "lawyer may withdraw from representing a client if …. good cause for withdrawal exists." MODEL RULES OF PROF'L CONDUCT R. 1.16(b)(7). Although "these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).

In reviewing a habeas petitioner's motion for substitution of counsel, a court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, 565 U.S. 648, 663 (2012).

## II

On October 28, 2020, the Court held a telephonic status conference with the parties to determine whether Butsinas wanted to return to state court to exhaust certain currently-unexhausted claims. At the conclusion of that conference, the Court instructed Butsinas' counsel to consult with Butsinas and to let the Court know if Butsinas wanted to stay this action so that he could return to state court. (*See* Dkt.) Butsinas' counsel now says that "after speaking with Butsinas, counsel [] determined it would be a conflict of interest to remain on the case." (Mot., ECF No. 12,

PageID.2771.) Counsel explained that it would be a conflict for the State Appellate Defender's Office to remain as Butsinas' counsel, and to advise Bustinas whether to return to state court, because "going back into state court likely would require Mr. Butsinas to raise an ineffective assistance of appellate counsel claim against the State Appellate Defender Office for failing to properly exhaust the issues raised in state court." (*Id.*)

The Court agrees that this potential conflict of interest creates good cause to appoint substitute counsel for Butsinas. Indeed, the possibility that Butsinas will have to allege that the State Appellate Defender Office provided ineffective assistance creates an actual or probable conflict of interest. *See Combs v. Coyle*, 205 F.3d 268, 275-77 (6th Cir. 2000) (recognizing that counsel cannot be expected to raise his own ineffectiveness in later post-conviction proceeding). And a district court should grant a habeas petitioner's motion for substitute counsel where current counsel labors under a significant conflict of interest. *See Christeson v. Roper*, 574 U.S. 373, 379–80 (2015). The Court will therefore grant Butsinas' motion and appoint him substitute counsel.

### III

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Butsinas' motion to appoint new counsel (ECF No. 12.) is **GRANTED**;

3

- The appearance of the State Appellate Defender Office on Butsinas' behalf is **TERMINATED**; and

- The Federal Defender's Office is **APPOINTED** to represent Butsinas in this matter. That office may handle the representation of Butsinas itself, or it may designate a CJA panel attorney to represent Butsinas.

                                                s/Matthew F. Leitman  
                                                MATTHEW F. LEITMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 13, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2021, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda  
                                                Case Manager  
                                                (810) 341-9764